IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21CV81876

PREPARED FOOD PHOTOS, INC. f/k/a
ADLIFE MARKETING &
COMMUNICATIONS CO., INC.,

    Plaintiff,

v.

BAGEL BARISTA CORP. d/b/a ALL
AMERICAN BAGEL & BARISTA
COMPANY and JOSEPH GAGLIARDOTTO,

    Defendants.

## COMPLAINT

Plaintiff Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Plaintiff") sues defendants Bagel Barista Corp. d/b/a All American Bagel & Barista Company ("All American Bagel") and Joseph Gagliardotto ("Gagliardotto") (collectively, the "Defendants"), and alleges as follows:

### THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Palm Beach County, Florida.

2. All American Bagel is a corporation organized and existing under the laws of the State of New York with its principal place of business located at 82-41 153rd Avenue, Howard Beach, NY 11414.

3. Gagliardotto is an individual who is a citizen of New York residing at 161-44 91st Street, 1st Floor, Howard Beach, NY 11414.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendants pursuant to Fla. Stat. §§ 48.193(1)(a)(2) because they committed a tortious act within this state, and the exercise of personal jurisdiction over them would not offend traditional notices of fair play and substantial justice. "Copyright infringement is a tortious act, and the Florida long-arm statute confers jurisdiction if the effects of the infringement were felt in the state. Here, it is undisputed that Plaintiff is a resident of Florida, and as such the effects of any alleged copyright infringement would be felt in Florida." Vallejo v. Narcos Prods., LLC, No. 1:18-cv-23462-KMM, 2019 U.S. Dist. LEXIS 198109, at *5 (S.D. Fla. June 14, 2019) (citing Roberts v. Gordy, No. 13-24700-CIV, 2015 U.S. Dist. LEXIS 180644, 2015 WL 11202580, at *2 (S.D. Fla. Apr. 14, 2015)). Roof & Rack Prods., Inc. v. GYB Inv'rs, LLC, No. 13-80575-CV, 2014 U.S. Dist. LEXIS 92334, at *2 (S.D. Fla. July 8, 2014) ("Copyright infringement is a tortious act, and a person who infringes upon a copyright whose owner resides in Florida causes injury inside the state."); Venus Fashion, Inc. v. Changchun Chengji Tech. Co., No. 16-61752-CIV-DIMITROULEAS/S, 2016 U.S. Dist. LEXIS 194263, at *6-7 (S.D. Fla. Nov. 2, 2016) ("In cases involving online intellectual property infringement, the posting of an infringing item on a website may cause injury and occur in Florida by virtue of the website's accessibility in Florida, regardless of where the offensive material was posted.") (collecting cases).

6. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district. "A defendant 'may be found' in a district in which he could be served with process; that is, in a district which may assert personal

jurisdiction over the defendant." Palmer v. Braun, 376 F.3d 1254, 1259-60 (11th Cir. 2004). "In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'" McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991).

## FACTS

### I. Plaintiff's Business

7. Plaintiff is in the business of licensing high-end, professional photographs for the food industry.

8. Through its commercial website (www.preparedfoodphotos.com), Plaintiff offers a monthly subscription service which provides access to/license of tens of thousands of professional images.

9. As of the date of this pleading, Plaintiff charges its clients (generally, grocery stores, restaurant chains, food service companies, etc.) a monthly fee of $999.00 for access to its library of professional photographs.

10. Plaintiff does not license individual photographs or otherwise make individual photographs available for purchase. Plaintiff's business model relies on its recurring monthly subscription service such that Plaintiff can continue to maintain its impressive portfolio.

11. Plaintiff owns each of the photographs available for license on its website and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers. To that end, Plaintiff's standard terms include a limited, non-transferable license for use of any photograph by the customer only. Plaintiff's license terms make clear that

all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

## II. The Work at Issue in this Lawsuit

12. In 2007, a professional photographer created a photograph titled "Bagel003" (the "Work"). A copy of the Work is exhibited below.



13. The Work was registered by Plaintiff (pursuant to a work-for-hire agreement with the author that transferred all rights and title in the photograph to Plaintiff) with the Register of Copyrights on August 23, 2016 and was assigned Registration No. VA 2-014-708. A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

14. Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

## III. Defendants' Unlawful Activities

15. All American Bagel owns and operates a deli/bagel shop in New York. Gagliardotto is one of three co-founders and, upon information and belief, one of three shareholders of All American Bagel (the other two co-founders being unknown at this time, but whose names are "Rob" and "Alex"). Gagliardotto and the two other shareholders have exclusive control over the business activities of All American Bagel, including but not limited to the

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

infringing activities that are the subject of this lawsuit.

16. All American Bagel advertises/markets its business primarily through its commercial website (https://bagelbarista.com/), social media (e.g. https://www.facebook.com/bagelbarista/), and other forms of advertising.

17. On a date after Plaintiff's above-referenced copyright registration of the Work, Gagliardotto and the two other shareholders caused the Work to be published on All American Bagel's website in connection with the advertising/marketing of All American Bagel's products:



18. Ironically, All American Bagel used one of Plaintiff's stock images to promote the notion that it "does ALL baking on Premise." A true and correct copy of screenshots of All American Bagel's website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

19. The foregoing display of the Work on All American Bagel's website was accessible and was in fact accessed from persons in the State of Florida.

20. Defendants are not and have never been licensed to use or display any of the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with their website/advertising or for any other purpose – even though the Work that was copied is clearly

professional stock photography that would put Defendants on notice that the Work was not intended for public use.

21. Defendants utilized the Work for commercial use – namely, in connection with the marketing of Defendant's business.

22. Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

23. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work in approximately May 2019. Following Plaintiff's discovery, Plaintiff notified Defendants in writing of such unauthorized use. To date, however, Defendants have not responded to Plaintiff, thus necessitating the filing of this lawsuit to protect Plaintiff's rights with respect to the Work.

24. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (All American Bagel)

25. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

26. The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

27. Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

28. As a result of Plaintiff's reproduction, distribution, and public display of the Work, All American Bagel had access to the Work prior to its own reproduction, distribution, and public

display of the Work on its commercial website.

29. All American Bagel reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

30. By its actions, All American Bagel infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

31. All American Bagel's infringement was willful as it acted with actual knowledge or reckless disregard for whether its conduct infringed upon Plaintiff's copyright. According to All American Bagel's own website, All American Bagel employs the copyright disclaimer: "Copyright © 2018 Bagel & Barista – All Rights Reserved." Defendants, who have operated in the restaurant/deli business for years, clearly understand that high-end food photography is not generally available for free or that such can simply be copied from the internet.

32. Plaintiff has been damaged as a direct and proximate result of All American Bagel's infringement.

33. Plaintiff is entitled to recover its actual damages resulting from All American Bagel's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of All American Bagel's profits from infringement of the Work, which amounts shall be proven at trial.

34. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

35. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of All American Bagel's conduct.

36. All American Bagel's conduct has caused and any continued infringing conduct

will continue to cause irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against All American Bagel as follows:

a. A declaration that All American Bagel has infringed Plaintiff's copyrights in the Work;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining All American Bagel, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with All American Bagel, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g. For such other relief as the Court deems just and proper.

### COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT
### (Gagliardotto)

37. Plaintiff re-alleges and incorporates paragraphs 1 through 24 as set forth above.

38. As evidenced above, All American Bagel infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for its own commercial purposes.

39. As one of the co-founders and shareholders of All American Bagel, Gagliardotto

has the right and ability to control the infringing acts of All American Bagel yet declined or failed to stop All American Bagel from engaging in its infringing activity – indeed, Gagliardotto is one of the individuals who caused the infringement to occur.

40. Gagliardotto obtained a direct financial benefit from All American Bagel's infringing activities. As one of the co-founders and shareholders of All American Bagel, Gagliardotto receives profit distributions therefrom and, upon information and belief, pays himself a salary therefrom.

41. As a direct and proximate result of Gagliardotto's vicarious copyright infringement, Plaintiff has been damaged. See, e.g. Broad. Music, Inc. v. Evie's Tavern Ellention, Inc., No. 8:11-cv-2056-T-17TBM, 2011 U.S. Dist. LEXIS 137720, at *5-8 (M.D. Fla. Nov. 30, 2011) ("Because Defendants, Evie's and Evanoff, benefited from the performances and admitted they owned, controlled, managed, and operated Evie's, they are vicariously liable for the infringement."); LaTele TV C.A. v. Telemundo Communs. Grp., LLC, No. 12-22539-CIV-ROSENBAUM, 2013 U.S. Dist. LEXIS 43488, at *32 (S.D. Fla. Mar. 26, 2013) ("[P]leading facts sufficient to pierce the corporate veil is not required in order to state a cause of action for vicarious copyright infringement.").

**WHEREFORE**, Plaintiff demands judgment against Gagliardotto as follows:

a. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

b. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5);

c. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

    d. Permanently enjoining Gagliardotto, his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Gagliardotto, from directly or indirectly further violating Plaintiff's copyrights by further displaying or distributing the Work with its copyright management information removed; and

    e. For such other relief as the Court deems just and proper.

## Demand For Jury Trial

Plaintiff demands a trial by jury on all issued so triable.

Dated: October 6, 2021.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com

By: /s/ James D'Loughy
    James D'Loughy, Esq.
    Florida Bar No.: 0052700
    Daniel DeSouza, Esq.
    Florida Bar No.: 19291

EXHIBIT "A"

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Maria A. Pallante*

United States Register of Copyrights and Director

**Registration Number**

**VA 2-014-708**

**Effective Date of Registration:**
August 23, 2016

## Title

**Title of Work:** Adlife-Collection-081716

**Previous or Alternate Title:** Group registration of published photographs; PUBLISHED 1/9-11/15/2007; APPROX 48 PHOTOS*

**Content Title:** CupcakeAsst010, 11-15-2007; BeefRibRoastBlln002, 10-04-2007; Bagel003, 11-15-2007; BeefRibRoastBnln004, 09-20-2007; BagelCreamCheese001, 11-15-2007; Cannoli002, 07-18-2007; CroissantBasket001, 04-26-2007; SconeCranberry002, 04-05-2007; StickyBun002, 01-09-2007; TurnoverApple005, 07-18-2007; TurnoverApple006, 04-26-2007; BeefShortRib001, 11-15-2007; BeefShortRibBack001, 07-18-2007; BeefShortRibChuck001, 07-18-2007; BeefShortRibFlanken003, 01-09-2007; BeefSirloinStripSteak008, 04-26-2007; BeefStewMeat005, 04-26-2007; MuffinAsst003, 07-18-2007; TeaIcedPitcher004, 09-20-2007; AppleCider001, 09-20-2007; AppleCider002, 09-20-2007; SodaColaGlass004, 07-18-2007; JuiceApple001, 04-26-2007; JuiceAsst001, 04-05-2007; MuffinAst004, 01-09-2007; MuffinBlueberry002, 01-09-2007; MuffinChocolateChip002, 01-09-2007; FettuciniAlfredo001, 02-07-2007; FettuciniAlfredo002, 02-07-2007; MuffinEnglish003, 05-02-2007; PieApple022, 08-16-2007; PieBlueberry003, 06-21-2007; Gnocchi002, 09-20-2007; PieBlueberry005, 07-30-2007; PieBlueberry010, 07-30-2007; PieBumbleberry001, 07-30-2007; PieChocolateIceCream001, 10-10-2007; MacaroniCheese002, 11-15-2007; PiePumpkin001, 08-16-2007; MacaroniCheese009, 07-02-2007; PieRicotta002, 06-21-2007; PieStrawberry003, 06-21-2007; MacaroniCheese010, 07-02-2007; PieStrawberry006, 07-17-2007; MacaroniCheeseCasserole001, 08-16-2007; SpaghettiMeatball001, 07-02-2007; EggBacon006, 08-18-2007; EggBenedict001, 06-21-2007.

## Completion/Publication

**Year of Completion:** 2007
**Date of 1st Publication:** January 09, 2007
**Nation of 1st Publication:** United States

## Author

- **Author:** ADLIFE Marketing & Communications Co., Inc., employer-for-hire of David Ciolfi
  **Author Created:** photograph
  **Work made for hire:** Yes

**Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** Adlife Marketing & Communications Co., Inc.
38 CHURCH ST, PAWTUCKET, RI, 02860, United States

## Rights and Permissions

**Organization Name:** SHORES & OLIVER P.C.
**Name:** Milton M. Oliver
**Email:** miltonoliver@ieee.org
**Telephone:** (774)521-3058
**Alt. Telephone:** (781)910-9664
**Address:** PO BOX 790
COTUIT, MA 02635-0790 United States

## Certification

**Name:** Milton M. Oliver, Esq.
**Date:** August 23, 2016
**Applicant's Tracking Number:** 873-057-307

**Copyright Office notes:** Regarding title information: *ADDED BY CO from application.

Regarding publication: date range: 1/9-11/15/2007.

EXHIBIT "B"



Adlife Marketing & Communications Co., Inc.
38 Church St • Pawtucket, RI 02860
Phone: (401) 723-4782

**Re: Claim Number: 4337450232218611423**
**FRE 408 SETTLEMENT COMMUNICATION**

Wednesday, May 15, 2019

**Company Name**
Bagel & Barista

**Company Address**
82-41 153 Avenue
Howard Beach, NY 11414

**Company Phone Number**
(718) 322-7722

**URL Containing Image**
https://bagelbarista.com/



**Image Name**
Bagel003

**Registration Number**
VA0002014708

